**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ROBERT ALLEN SKINNER,**

    **Plaintiff,**

vs.                             **CASE NO. 4:22-CV-00249-WS-MAF**

**STATE OF FLORIDA,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

The *pro se* plaintiff, Robert Allen Skinner, a pretrial detainee at the Charlotte County Jail, initiated this case to prevent criminal prosecution by the State of Florida and filed a motion to proceed *in forma pauperis* (IFP). ECF Nos. 1; 2, pp. 1-6. The Court screened the complaint and exhibits as required under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). ECF Nos. 1; 2, pp. 7-31. Skinner's allegations are liberally construed as seeking relief pursuant to 42 U.S.C. § 1983. See Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).

Skinner's IFP motion, ECF No. 2, will be **GRANTED**. However, after careful consideration, it is recommended that the complaint be dismissed with prejudice because it would be futile to amend; and the case be closed.

## I. Standard of Review

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A *pro se* complaint may, therefore, be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. at 521 (internal citation omitted).

A district court may also dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although a *pro se* litigant's allegations are entitled to the benefit of liberal construction, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, supra.

"Factual allegations must be enough to raise a right to relief above the

speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).

Ordinarily, a *pro se* plaintiff must be allowed at least one opportunity to amend his complaint before his case is dismissed with prejudice. See Silva v. Bieluch, 351 F.3d 1045, 1048-49 (11th Cir. 2003). Still, dismissal with prejudice may be appropriate if granting leave to amend would be futile. Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007).

## II.  Plaintiff's Complaint, ECF No. 1.

Skinner titled his complaint "Petition for Writ of Prohibition" and, essentially, argues that his extradition from New Mexico (the asylum state) to Florida (the demanding state) was illegal. ECF No. 1. Skinner references one of his criminal cases, Leon County Case No. 21-CF-1595A, where he was charged with grand theft of a motor vehicle.[1] Skinner maintains that his claims arise under 28 U.S.C. § 1331; U.S. Const. Art. IV, Sec. 2; the Fifth Amendment; the Florida Constitution; and the Florida Rules of Criminal Procedure. Plaintiff relies on certain case law: Day v. Taylor, 400 F.3d 1272 (11th Cir. 2005), an antitrust case that was dismissed, and Beepot v. J.P. Morgan Chase Nat'l Corp. Servs., 57 F. Supp. 3d 1358 (M.D. Fla. 2014), a case involving a foreclosure sale barred by *res judicata*. These cases are not clearly relevant. Skinner provided several exhibits from his Charlotte County criminal case and the extradition from New Mexico. ECF No. 2, pp. 7-31.

Skinner argues Florida did not have the executive authority to extradite him because (1) no governor's warrant was executed or served on him and

---

[1] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the criminal cases filed against Skinner in Leon-, Charlotte-, and Pasco County, Florida. Leon County criminal court records are available online at the following URL: https://cvweb.leonclerk.com/public/online_services/search_courts/search_by_name.asp Accessed 7/19/2022.

(2) he did not waive extradition under Section 941.28, Florida Statutes.[2] Id., p. 3. The events surrounding Skinner's extradition are described below.

Skinner was arrested on June 18, 2021, pursuant to a warrant issued by Charlotte County, Florida in Case No. 21-CF-1059 and was held at the Guadalupe County Detention Facility in New Mexico.[3] Id.; see also "Exhibit C," "Fugitive Complaint." ECF No. 2, p. 12. Skinner was provided with the fugitive complaint. ECF No. 1, p. 3. On July 9, 2021, Skinner appeared before the Guadalupe County Magistrate Court for a "Fugitive from Justice Arraignment," denied he was the person sought, and did not waive extradition. Id.; see also "Exhibit D," ECF No. 2, p. 13. The magistrate court arraignment document shows that, although Skinner denied he was the person charged, "the court . . . examined the information on which the arrest was made and determined that it appears . . . the Defendant is the person sought." ECF No. 2, p. 13.

---

[2] Section 941.28 provides:

> After a person has been brought back to this state by, or after waiver of, extradition proceedings, the person may be tried in this state for other crimes which he or she may be charged with having committed here as well as that specified in the requisition for his or her extradition.

[3] Skinner provided a copy of the probable cause affidavit as part of "Exhibit E." See ECF No. 2, pp. 17-18, On September 2, 2021, the circuit judge found there was probable cause to believe that the offense of Burglary of a Dwelling and Grant Theft from a Dwelling [was] . . . committed by . . . Skinner." Id., p. 18.

Case No. 4:22-cv-00249-WS-MAF

On September 2, 2021, the Charlotte County prosecutor applied for the requisition of a governor's warrant in Texas, not New Mexico. Id., p. 4; see also "Exhibit E," ECF No. 2, pp. 14-16. Skinner alleges that because he was never served with a governor's warrant in the time prescribed by law, New Mexico dismissed the extradition. Id. However, according to Skinner's own exhibits, the motion to dismiss was *stipulated*; and the court entered a "Stipulated Order of Dismissal" See "Exhibit[s] F" and "G," ECF No. 2, pp. 20-21. The Court dismissed the matter "without prejudice" allowing for "[i]t [to] be refiled at a later date if the state" chose to do so. Id., p. 21.

On November 19, 2021, the Guadalupe County deputy district attorney dismissed the New Mexico case because Skinner was extradited to Florida to answer to the pending charges. ECF No. 2, p. 31. A second warrant in the case issued; and on November 22, 2021, Skinner was arrested and booked into the Charlotte County Jail.[4] ECF No. 1, p. 2; ECF No. 2, pp. 24-25.

Skinner believes that the illegal extradition deprived him of Due

---

[4] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of certain public records including the Charlotte County Sheriff's Office Booking Sheet and Charlotte County court records. Skinner is detained at the Charlotte County Jail pursuant to an arrest warrant issued in Case No. 21-CF-1059, which was executed on November 22, 2021. Arrest records for the Charlotte County Sheriffs' Office are accessible online at the following URL: https://www.ccso.org/forms/arrestdb.cfm#Name. Charlotte County court records are available at: https://courts.charlotteclerk.com/Benchmark/Home.aspx/Search. Accessed 7/19/2022.

Process; therefore, as a remedy, the Court should issue an injunction prohibiting Florida from prosecuting criminal cases against him. Id., p. 8. Evidently, Skinner has multiple criminal cases in at least three Florida counties.[5] Id., p. 5. Skinner also argues that he was prohibited from seeking a writ of habeas corpus but provides no other details. Id., p. 6. The "Fugitive from Justice Arraignment" form clearly advised Skinner he had the right to contest the warrant of extradition through a writ of habeas corpus. ECF No. 2, p. 13. Finally, Skinner attached a "Notice of Related Action" identifying two cases he filed in the Middle District of Florida (MDFL). Id., p. 10. Unfortunately, this case is subject to dismissal given Skinner's litigation history and because the remedy he seeks is unavailable to him.

III. **Discussion**

A. The Instant Case is Duplicative of M.D. Fla. Case No. 2:22-cv-00265

Under 28 U.S.C. §§ 1915(e)(2)(B) or 1915A(b)(1), duplicative cases are frivolous or malicious. See Piedra v. Aguirre, 125 F. App'x 968, 969 (10th Cir. 2005) (citing McWilliams v. State of Colorado, 121 F.3d 573, 575 (10th Cir. 1997)); Mesa v. Pa. Higher Educ. Assistance, Case No. 16-24581-CV-

---

[5] In Charlotte County, Skinner is charged with burglary of a dwelling and theft from a dwelling. ECF No. 2, pp. 7-11.

SCOLA, 2016 U.S. Dist. LEXIS 173660, at *2 (S.D. Fla. Dec. 13, 2016) ("Given the pendency of the other suits [plaintiff] filed, against the same Defendants, using the identical pleadings, the Court finds this case is malicious and requires dismissal.") (citing Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988).

"'Repetitious litigation of virtually identical causes of action' may be dismissed under § 1915 as frivolous or malicious." McWilliams, 121 F.3d at 574 (internal quotations and citations omitted). "Courts have summarily dismissed as frivolous or malicious where complaints 'merely repeat[] pending or previously litigated claims,' even if the parties and claims in the two pending suits are not precisely the same." Daker v. Bryson, 2017 U.S. Dist. LEXIS 111540, at *8 (M.D. Ga. June 8, 2017) (citations omitted).

Skinner is no stranger to the federal courts. He challenged the legality of his extradition in three other cases in the MDFL. First, on April 25, 2022, Skinner initiated a Section 1983 action. See M.D. Fla. Case No. 2:22-cv-00265-JLB-KCD, ECF Nos. 2, 31. His claims are identical to the ones he raises here, although, in the MDFL case, he provides more details about the arrest and transfer. Id., ECF No. 31. There are just two differences between the Section 1983 case in the MDFL and the instant case: (1) Skinner sued sheriffs and sheriffs' offices in Florida and New Mexico not the State of

Florida itself and (2) Skinner seeks monetary damages rather than an injunction prohibiting his prosecutions. Id., ECF No. 31, pp. 2, 18. This MDFL case remains pending.

Next, on June 17, 2022, Skinner filed a habeas petition under 28 U.S.C. § 2241, sued the State of Florida, and challenged the constitutionality of his detention and extradition. M.D. Fla. Case No. 2:22-cv-00376-JLB-KCD, ECF No. 1. Skinner alleged the extradition was illegal, sought release from detention, and demanded the criminal charges be dismissed. Id. The court dismissed the case because habeas relief is unavailable after a person has been extradited per Harden v. Pataki, 320 F.3d 1289, 1299 (11th Cir. 2003) and Frisbie v. Collins, 342 U.S. 519, 522 (1952). Id., ECF No. 6. Notably, the order states in part:

> The Eleventh Circuit has held that causes of action are available under 42 U.S.C. § 1983 when officials violate extradition procedures protected by the Constitution and laws of the United States. Harden, 320 F.3d at 1292-1302. However, the Court will not construe the instant petition as brought under § 1983 or direct Mr. Skinner to file an amended pleading because **he has already filed a civil rights complaint for damages based on his allegedly improper extradition from New Mexico** in case number 2:22-cv-265-JLB-MNRM.

Id., pp. 3-4 (emphasis added). This Court cannot alternatively construe Skinner's case as a habeas petition because the doctrine of *res judicata* bars Skinner from relitigating his claim resolved by the MDFL. If Skinner disagrees

with that court's decision, the proper recourse for him is to appeal the decision to the Eleventh Circuit Court of Appeals, not litigate the same matter in another district court. The Northern District of Florida has no authority to overturn the decision of another federal district court.

Just one day after the MDFL issued the order denying habeas relief, Skinner turned to the Northern District of Florida and initiated the instant case as a "writ of prohibition." ECF No. 1. Simultaneously, Skinner submitted an identical filing -- a third case in the MDFL -- also styled as a "writ of prohibition." See M.D. Fla. Case No. 8:22-cv-01597-SDM-SPF, ECF No. 1. The only difference between the two "writ[s] of prohibition" is that Skinner referenced a *third* state criminal case -- Pasco County Case No. 21-CF-003664. Id., p. 1. Court records show that, on August 5, 2021, Pasco County filed an information against Skinner charging him with grand theft of a motor vehicle. Nonetheless, because the instant case is duplicative of the pending Section 1983 action M.D. Fla. Case No. 2:22-cv-00265-JLB-KCD, dismissal with prejudice is appropriate.

B. Illegal Extradition Does Not Divest Florida of Jurisdiction to Prosecute

Even if this case was not duplicative, Skinner cannot secure the prohibition of a criminal prosecution. Skinner argues that an illegal extradition divests Florida of its jurisdiction to prosecute him for any crimes. He is

mistaken. Although Skinner is not seeking habeas relief in this case, illegal extradition would not deprive the receiving state of jurisdiction from prosecuting a defendant because it does not deprive him of Due Process. See Remeta v. Singletary, 58 F.3d 513, 519 (11th Cir. 1996) (Kansas's alleged failure to obtain from [defendant] a knowing and voluntary waiver of extradition coupled with its concomitant denial of a pre-transfer hearing . . . did not deprive Florida of jurisdiction to try him for murder.).

The time for a defendant to challenge his extradition is when he is in custody but **before** he is extradited to the demanding state; the proper vehicle to challenge extradition is a federal writ of habeas corpus. Frisbie, 342 U.S. at 522. Even if 'a defendant is forcibly kidnapped from another country by United States Agents," "[a] court's jurisdiction is not defeated." United States v. Crawford, Case No. 4:16cv436/RH/CAS, 2019 U.S. Dist. LEXIS 62638, at *16-17 (N.D. Fla. Feb. 25, 2019) (citing United States v. Alvarez-Machain, 504 U.S. 655 (1992). Because the remedy Skinner seeks is unavailable to him, dismissal is appropriate.

C. Younger Abstention Doctrine Bars Skinner's Claims

Finally, it is well settled that federal courts may not enjoin state court proceedings. Younger v. Harris, 401 U.S. 37, 41 (1971). Ordinarily, federal courts must refrain from deciding the merits of a case when (1) there is a

pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding. <u>Middlesex County Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432 (1982). As narrated above, Skinner has criminal cases pending in three Florida counties. His intent is to halt the criminal proceedings against him. If this Court were to make factual findings on the legality of his arrest and extradition, it could conflict with and potentially affect the pending state proceedings. Skinner has adequate opportunity to raise his constitutional claims and defenses to the charges in state court, on direct appeal, and on collateral review.

## IV.   Conclusion and Recommendation

It is respectfully **RECOMMENDED** that the Complaint, ECF No. 1, be **DISMISSED** with prejudice because: (1) the instant case is duplicative of a case pending in the Middle District of Florida and (2) illegal extradition does not divest Florida of its jurisdiction to prosecute a defendant in a criminal case. Alternatively, the claims are barred the <u>Younger</u> Abstention Doctrine. It is further recommended that the case count as a "strike" for the purposes of § 1915(g) for failure to state a claim and as frivolous; and the case be **CLOSED**.

Skinner's motion to proceed *in forma pauperis*, ECF No. 2, is hereby **GRANTED**.

IN CHAMBERS at Tallahassee, Florida, on July 19, 2022.

        **s/ Martin A. Fitzpatrick**
        **MARTIN A. FITZPATRICK**
        **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).